**O**

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MARQUINA,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>FERGUSON ENTERPRISES, INC, a Virginia corporation; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:13-cv-07999-ODW (AJWx)<br><br>**ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT [10]** |

## I.   INTRODUCTION

On October 30, 2013, Ferguson Enterprises removed this action for the second time.  The Court remanded this action after the original removal because Ferguson Enterprises failed to sufficiently establish diversity jurisdiction.  Ostensibly, Ferguson Enterprises now removes this action on the grounds that it formally discovered that Marquina was a California citizen at her October1, 2013 deposition.  Marquina now moves to remand this action.  Because the Court finds that Ferguson Enterprises' second removal is untimely, the Court **GRANTS** Marquina's Motion to Remand.[1]

---

[1] Having evaluated the papers filed in conjunction with Defendant's Notice and Plaintiff's Motion to Remand, **Error! Main Document Only.**the Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L. R. 7-15.

## I. FACTUAL BACKGROUND

On May 1, 2013, Marquina brought suit against Ferguson Enterprises in the Los Angeles Superior Court. (Not. of Removal Ex. A.) Marquina brought six claims against Ferguson Enterprises, including discrimination, violation of the California Labor Code, wrongful termination, and retaliation. (*Id.*) On June 12, 2013, Ferguson Enterprises removed this action to federal court for the first time, invoking diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at Ex. C.) On June 26, 2013, the Court remanded the action because the Notice of Removal contained insufficient allegations of citizenship for diversity jurisdiction. (*Id.* at Ex. H.) After written discovery, Ferguson Enterprises again removed the case to the Central District of California on October 30, 2013. (ECF No. 1.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "federal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days from the date he first objectively learns that an action is removable. A defendant may learn that an action is removable in one of two ways: through the face of the initial pleadings or through the receipt "of a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). After one year, removal is not permissible regardless of the source of information. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)

### III. DISCUSSION

Marquina contends that Ferguson Enterprises' second removal of this action is improper. Marquina argues that Ferguson failed to properly allege Marquina's citizenship in its original removal papers, despite possessing documents from which her California citizenship was ascertainable. In the alternative, Marquina contends that removal is untimely because Ferguson Enterprises did not file removal papers within the 30-day limit after receiving documents from which removability was ascertainable. Ferguson Enterprises argues that its second removal of this action is proper and timely because the "other paper" from which removability was ascertainable was Marquina's October 1, 2013 deposition—rather than the documents produced in discovery. (Opp'n 9.) The Court addresses each in turn.

Marquina argues that Ferguson Enterprises could and should have come forward with additional evidence of her California citizenship at the time of its original removal. She asserts that, as her employer, Ferguson Enterprises knew that she was domiciled in California, lived with family members in California, maintained a California driver's license and bank account, paid California taxes, and collected unemployment benefits from California. (Mot. 7–8.) Thus, Marquina asserts that Ferguson Enterprises assertion that it did not learn that she was a California citizen until October 1, 2013, is false and removal was improper. But this argument has been rejected in this circuit.

Referring to § 1446(b), the Ninth Circuit has stated that a defendant cannot remove based on its own investigation: "[T]he first thirty-day [window] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no

1  ground for removal is evident in that pleading, the case is 'not removable.'" *Harris v.*
2  *Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  If the case is not
3  removable from the complaint then the defendants must wait until a second 30-day
4  window is triggered by a change in the parties or other circumstances revealed in a
5  newly filed "paper."  *Id.*  Thus, Ferguson Enterprises knowledge of Marquina's
6  California citizenship at the time of its original removal is irrelevant.

7        Marquina next argues that even if Ferguson Enterprises' knowledge of her
8  California citizenship was immaterial, its second removal was untimely.  Marquina
9  asserts that on August 2, 2013, she produced numerous documents evidencing her
10  California citizenship in response to Ferguson Enterprises' June 19, 2013 document
11  request.  (Kampf Decl. ¶ 6.)  These documents included Marquina's IRS Form W-2
12  Wage and Tax Statements for the years 2009 through 2012, documents evidencing her
13  receipt of California unemployment benefits, a letter from Defendant addressed to
14  Plaintiff's California address thanking her for 10 years of service in California, and a
15  letter indicating Plaintiff's inclusion in a California class action settlement involving
16  Ferguson Enterprises. (Kampf Decl., at ¶¶ 7-8, Ex. B).  Marquina contends that
17  Ferguson Enterprises' receipt of these documents triggered the second 30-day removal
18  window.

19        Ferguson Enterprises contends that Marquina's document production did not
20  begin this second 30-day window because "the documents in Plaintiff's production
21  did not contain any new fact that was not previously before the Court in connection
22  with Defendant's original removal."  (Opp'n 2.)  The Court does not agree.

23        Ferguson Enterprises' original Removal Petition relied solely on the allegations
24  in the Complaint to establish Diversity Jurisdiction.  Marquina alleged bare residency
25  and California employment in her Complaint.  (Not. Removal Ex. A.)  She did not
26  mention any additional citizenship factors, such as that she lived with family in
27  California, paid California taxes, received state unemployment benefits, or
28  participated in a lawsuit in California.  Indeed, the Court's Order remanding the

original removal, the Court noted that Ferguson Enterprises could have—but did not—state other facts bearing on citizenship. (Not. Removal Ex. H.)

Thus, the documents produced to Ferguson Enterprises on August 1, 2013, contained facts that were not previously before the court. Further, the documents produced established Marquina's California citizenship—and thus that this action was removable under diversity jurisdiction. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (delineating factors sufficient to establish citizenship on removal).

Accordingly, the last day by which Ferguson Enterprises could have removed this action was September 1, 2013. 28 U.S.C. § 1446(a). Because Ferguson Enterprises failed to file its second Notice of Removal within 30 days of receipt of these documents, the Court finds Ferguson Enterprises' removal untimely.

## IV.   CONCLUSION

In light of the foregoing, the Court **REMANDS** this case to the Los Angeles County Superior Court, 111 N. Hill Street, Los Angeles, CA 90012, case number BC507624. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

December 5, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**